■ STATE OF NEW YORK, Appellant, v RACHLEFF KOSHER PROVISIONS, INC., et al., Respondents.—In an action pursuant to Agriculture and Markets Law §§ 39 and 44, the plaintiff State of New York appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated September 13, 1990, as denied so much of its motion as was for summary judgment finding the defendants liable for 2,447 separate violations of Agriculture and Markets Law § 201-a and imposing civil penalties.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, so much of the plaintiff's motion as was for summary judgment on the issue of the defendants' liability on the 2,447 violations of Agriculture and Markets Law § 201-a, is granted, and the matter is remitted to the Supreme Court, Kings County, for determination of the appropriate civil penalties.

The defendants are engaged in the kosher meat packaging business. On December 13, 1984, an inspector from the Department of Agriculture and Markets found 45 nonkosher boneless briskets on the premises of the defendants' business. The defendant Albert Abravanel, a director and stockholder of the defendant Rachleff Kosher Provisions, Inc., thereafter pleaded guilty to a violation of Agriculture and Markets Law § 201-a, which encompassed 45 separate violations of the statute. The State of New York subsequently commenced the instant civil action against the defendants pursuant to Agriculture and Markets Law §§ 39 and 44 seeking the imposition

of civil penalties with respect to over 2,000 separate violations of the statute, including the 45 violations admitted by the defendant Abravanel in the criminal proceeding.

The State moved for summary judgment, offering evidence of a total of 2,492 separate violations and requesting civil penalties of $996,600. The court granted the motion with respect to the 45 violations involved in the criminal proceeding and imposed penalties of $17,800, but denied the motion with respect to the remaining 2,447 violations alleged by the State.

We find that the court erred in denying summary judgment to the State with respect to the defendants' culpability on the remaining 2,447 violations. The State tendered documentary proof of the violations which was sufficient to establish its entitlement to judgment as a matter of law. This proof, *inter alia*, included the defendant Abravanel's statement that his businesses held themselves out to be kosher businesses, as well as Abravanel's admission that during 1984 and prior to December 13, 1984, he purchased nonkosher meat which he processed, packaged, and sold as kosher. In addition, the State provided affidavits from suppliers, indicating the quantities of nonkosher meats purchased by the defendants in 1984 prior to December 13, 1984. The affirmation in opposition submitted by the defendants' attorney was insufficient to raise any material issue of fact with respect to their liability for these violations. The State was therefore entitled to summary judgment on the issue of liability *(see, Zuckerman v City of New York,* 49 NY2d 557).

We remit the matter to the Supreme Court, Kings County, for a determination as to the appropriate penalty to be imposed on the defendants for the remaining 2,447 violations. Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.